## MARION (City), In re Tax Exemption.

Board of Tax Appeals.

No. 11568.   June 4, 1946.

Edwin Spohn, City Solicitor, Marion, for applicant.
Harry V. Mounts, County Auditor, Marion, for Marion County.

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an application filed herein under date of April 19, 1946, for the consent of this Board to the exemption from taxation of a tract of land in Claridon Township, Marion County, Ohio, which is more particularly described as being a part of the south part of Section 7 and the north part of Section 18 in said township and county and more particularly described as follows: Bounded on the south by the north right of way line of the Erie Railroad Company, on the west by the center line of Pole Lane Road, which is also the west line of Claridon Township on the north by the east and west half section of the aforesaid Section 7, on the east by a line parallel to the aforesaid center line of Pole Lane Road and five thousand (5000) feet eastwardly therefrom and containing six hundred forty-four (644) acres more or less. And said case was heard by the Board upon said application and upon the evidence offered and introduced on the hearing of the case before an examiner of the Board under date of May 21, 1946.

Upon consideration of the case as thus submitted, it appears that the City of Marion, Ohio, the applicant herein, acquired the title to this property on or about March 27, 1946, by purchase from the United States Government; and that the purchase price thereof—$67,500.00—was paid out of the proceeds of a bond issue in the amount of $400,000.00 voted by the electors of said city for the purpose of acquiring and developing this land as a municipal airport. It appears from the testimony of the safety director of said city, who appeared as a witness in the case, that since the purchase and acquisition of this property the city has had exclusive possession and control of the same except as to a parcel of 19.31 acres included therein, which is occupied by a number of igloo type buildings; the possession and control of which parcel was reserved by the United States Government for storage purposes. And in this connection it is noted from the testimony of the witness above refered to in speaking of the location of this reserved parcel with respect to the tract as a whole, that "it is just south of the middle between the north and south boundary, and it is about midway east and west in the west half of the tract". With respect to the progress of the city in the development of this tract of land for airport purposes, the

witness said: "I have authority as safety director to employ engineers at salary rates that are provided for by city legislation. At the present time we have an engineering crew that is doing the preliminary engineering work. The Federal Government did not designate a boundary of this tract physically and our first step was to make a survey of the land and to chart the temporary areas, the outlets that cross it, the roadways that are on it, and we are now making a record of drainage both on the land and the outlet drainage from the airport area to the main ditches. It is our intention to proceed in cooporation with the C. A. A. in designing runways and other facilities that will be necessary to develop the airport."

In the case of the City of **Toledo v Jenkins et al., Board of Tax Appeals, 143 Oh St 141,** which case involved certain questions relating to lands owned by the City of Toledo in Lake Township, Wood County, Ohio, and which were used in part for municipal airport purposes, it was held:

"**Sec. 5351 GC,** construed in the light of **Section 2, Article XII** of the **Constitution,** exempts from taxation public property used exclusively for a public purpose.

"In general the real property of a municipal corporation, constituting part of its wholly owned and operated public airport, is public property within the meaning of the Constitution and statute.

"All the real estate necessary and incidental to the operation of such an airport and used therein is devoted to a public use.

"Some of the real property in a municipally owned and operated public airport unit may be taxable and the remainder exempt from taxation. The term 'exclusively,' as used in **Section 2, Article XII** of the Constitution and read into §5351 GC, by interpretation, applies to the use of particlular parts of the property and not to the unit as a whole."

As above indicated, this property has as yet not been developed for use as an airport; and in this connection all that has been done is certain preliminary engineering work in preparation for an application for matched funds of the Federal Government to be used, in connection with the proceeds of the bond issue, in the development of the property for said purpose. And as to this it does not appear that on April 7, 1946—the tax lien date for said year—any engineering work had been done with respect to this property. When this property is developed and operated as a municipal airport and

as a public utility it is both conceivable and possible that the use and operation of this airport and utility may be such that no part of this property will be entitled to exemption from taxation. See Zangerle, Aud. v City of Cleveland, Division of Municipal Transportation, 145 Oh St 347. On the other hand, it is probable that the use and operation of this airport will be such that, as in the case of the City of Toledo v Jenkins et al., Board of Tax Appeals, supra, some parts of this property will be entitled to exemption from taxation as public property used exclusively for a public purpose while other parts of the property will not be entitled to exemption from taxation. However this may be it seems quite clear that any exemption from taxation of the above described property in its entirety at this time would be predicated solely upon the fact that the city owns this property and intends to develop and use the same for airport purposes. In this connection it is pertinent to note that in the case of Columbus Metropolitan Housing Authority v Thatcher, Aud., 140 Oh St 38, the Court held:

"Public property may not be exempted from taxation unless it is used exclusively for a public purpose. The exclusive use for a public purpose must coincide with public ownership of property to entitle such property to exemption from taxation."

In the case of Dayton Metropolitan Housing Authority v Evatt, Tax Commr., 143 Oh St 10, the Supreme Court of this state had occasion to define in a general way the meaning of the term "public use" as the same is found in the applicable provisions of §5351 GC; and, needless to say, there is nothing in the views expressed by the Court on the subject which would include preliminary engineering work in connection with a project of this kind as in and of itself a public use of the property.

Upon the considerations above noted and discussed we are unable to find that this property is entitled to exemption from taxation at this time. In reaching this conclusion we are not unmindful of the decision in the case of Board of Education v Hess, Aud., 30 Oh Ap 446, in which it was held that certain parcels of real property owned by the Board of Education were exempt from taxation although it appeared that the projected school buildings on some of these parcels were not completed, but were in various stages of construction or preparation; and which properties, for this reason, were not in

actual use for school purposes. The court based its decision in this case on the then provisions of §§4759 and 5349 GC. Aside from the consideration that this decision of the court was, in our opinion, erroneous, it is sufficient to say, with respect to the application for tax exemption now before this Board, that the statutory provisions relied upon by the court in the cited case have no application to the matter now before us. The case now before the Board on this application for tax exemption is controlled by the provisions of §5351, GC, read in the light of the applicable provisions of Section 2 of Article XII of the State Constitution. See Pfeiffer v Jenkins, 141 Oh St 66, 68.

As above indicated, we are of the view that on the facts of this case we cannot legally exempt this property from taxation for the tax year 1946 under the provisions of §5351 GC, above referred to. It is, therefore, by the Board of Tax Appeals considered and ordered that this application for tax exemption be, and the same hereby is, denied.